# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MELVIN STEVENSON, JR.,

            Plaintiff,

vs.

GENERAL MILLS, INC.,

            Defendant.

Case No. 21-cv-____
Removed from the Circuit Court of Milwaukee County, Wisconsin, Case No. 2021-cv-4701

## DEFENDANT'S NOTICE OF REMOVAL

Defendant General Mills, Inc. ("General Mills") files this Notice of Removal in accordance with 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, and hereby removes this action from the Circuit Court of Milwaukee County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin. This Notice is based upon federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. In support of its Notice of Removal, General Mills states as follows.

## BACKGROUND

1. On August 5, 2021, Plaintiff Melvin Stevenson Jr ("Stevenson") filed a lawsuit in the State Court, titled *Melvin Stevenson Jr v. General Mills, Inc.*, Case No. 2021-cv-4701 (the "State Court Action").

2. On August 11, 2021 Stevenson served General Mills with a copy of the Summons and Complaint.

3.  Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit 1** are true and correct copies of "all process, pleadings and orders" that have been served upon General Mills in the State Court Action, including the Summons and Complaint.

4.  To the best of General Mills' knowledge, no further documents from the State Court Action have been filed by Stevenson, and no documents have been filed in the State Court Action by any defendant. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

5.  Stevenson's Complaint purports to assert the following causes of action: (1) discrimination in violation of Title VII; (2) retaliation in violation of Title VII; (3) breach of contract; (4) "misclassification"; (5) emotional distress; (6) "employer negligence"; (7) defamation; and (8) "labor abuse crimes." (*See* Complaint).

## REMOVAL IS TIMELY

6.  Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed "within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …" 28 U.S.C. § 1446(b); *see also, Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (noting 30-day removal period runs from service of summons and complaint).

7.  Thirty days from the date on which General Mills was served is September 10, 2021. Consequently, this Notice of Removal is timely.

## VENUE

8.  Because the Circuit Court of Milwaukee County, Wisconsin lies in the Eastern District of Wisconsin, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 130(a), 1391, 1441(a), and 1446(a).

## GROUNDS FOR REMOVAL

9. The U.S. Supreme Court has confirmed that the notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) (quoting 28 U S.C. § 1446(a)). A removing defendant need not provide evidentiary support for its jurisdictional allegations. *See id.* at 551 ("A statement 'short and plain' need not contain evidentiary submissions.").

10. Removal is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction).

### I. Federal question jurisdiction.

11. The Complaint alleges discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) ("Title VII").

12. The Complaint is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the Complaint asserts causes of action that expressly "arise under" Title VII, which is a "law[] . . . of the United States."

13. Stevenson himself alleges that the case arises "[u]nder jurisdiction of US Code 1331." (*See* Complaint). Stevenson's Complaint, therefore, raises a federal question over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See also,* 28 U.S.C. §§ 1441(a) and (c).

14. Pursuant to 28 U.S.C. § 1331, an action within this Court's federal question jurisdiction is removable without regard to the citizenship or residence of the parties.

15. Stevenson's Complaint also purports to assert state law claims for: (1) breach of contract; "misclassification"; emotional distress; "employer negligence"; defamation; and (2) "labor abuse crimes." (*See* Complaint).

16. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a), which provides, in relevant part, that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

17. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because the claims arise from the same controversy that gave rise to Stevenson's federal claims and are so related to the federal claims that they form part of the same case or controversy pursuant to Article III of the United States Constitution and arise from a common nucleus of operative facts. 28 U.S.C. § 1367(a). Specifically, all of Stevenson's claims arise from his alleged employment with General Mills. (*See* Complaint (alleging that claims arose "[d]uring Plaintiff [sic] employment")). As such, these claims are within the Court's supplemental jurisdiction under 28 U.S.C. § 1367, and the entire case may properly be removed to this Court. *See, e.g.*, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 430 (7th Cir. 2009).

**II.     Diversity jurisdiction.**

18. This Court also has original jurisdiction over this action under 28 U.S.C. § 1332(a), which confers diversity jurisdiction on the federal district courts for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states. . . ."

19. The Court has jurisdiction over this action because there is complete diversity of citizenship between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A. There is complete diversity of citizenship.

20. The Complaint alleges that Stevenson is a resident of Wisconsin. (Complaint, ¶ 1). Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled). Thus, Stevenson is a citizen of Wisconsin.

21. A corporation "shall be deemed a citizen of every State and foreign state by which it had been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's "principal place of business," the Supreme Court has held that courts should apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.* at 95.

22. General Mills is a corporation formed under the laws of Delaware. *See* **Exhibit 2** (2021 General Mills Annual Report).[1] General Mills' principal place of business, or "nerve center," is located in Minnesota. General Mills' headquarters are located in Minnesota, which is where its officers direct, control, and coordinate the company's activities, and where its executive, administrative, financial, and management functions are concentrated. *See id*. Thus, General Mills is a citizen of Minnesota and Delaware for purposes of diversity jurisdiction.

23. Accordingly, complete diversity of citizenship exists between the parties.

---

[1] The Court can take judicial notice of General Mills' publicly available securities filings. *See* FED. R. EVID. 201(b)(2); *Trading Techs. Inter., Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 1220013, at *2, n. 1 (N.D. Ill. Mar. 28, 2011) (*citing Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997)).

### B. The amount in controversy exceeds $75,000.

24. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

25. A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Here, Stevenson's complaint alleges that he is seeking over $6,860,000 in damages for lost wages, pain and suffering, emotional distress, and punitive damages.

26. While Defendant denies the validity and merit of Stevenson's claims and denies that he is entitled to relief thereon, the damages allegations in his Complaint establish that more than $75,000 is at controversy in this action. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514–15 (7th Cir. 2006) ("Typically, we can rely on the amount alleged in the complaint to determine whether the amount in controversy is satisfied"); *Mailwaukee Mailing, Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F. Supp. 2d 769, 771 (E.D. Wis. 2003) ("In a removal action based on diversity jurisdiction, the amount in controversy claimed by the plaintiff in the complaint is deemed to have been made in good faith and presumed to be determinative of the jurisdictional amount").

### III. Compliance with procedural requirements.

27. General Mills has not attempted to litigate this case in state court or taken any action that could be construed as a waiver of its right of removal.

28. Pursuant to 28 U.S.C. § 1446(d), a "Notice to State Court of Filing Notice of Removal" and a copy of this Notice of Removal are being contemporaneously filed with the State Court and served on Stevenson, along with a Notice to Adverse Party of Filing of Notice of

Removal. Attached as **Exhibit 3** are true and correct copies of the Notice to State Court of Filing Notice of Removal (without exhibits) and Notice to Adverse Party of Filing of Notice of Removal.

29. General Mills files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves any and all defenses.

30. In the event this Court should be inclined to remand this action, General Mills requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

31. This Notice of Removal has been signed by counsel for General Mills, in compliance with the requirements of 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 11.

Respectfully submitted this 10th day of September 2021.

GENERAL MILLS, INC.

By: */s/ Michael Yellin*
One of Its Attorneys

Jennifer Ciralsky (SBN 1068092)
Michael Yellin (SBN 1081448)
LITTLER MENDELSON, P.C.
111 East Kilbourn Avenue, Suite 1000
Milwaukee, WI 53202
Telephone: 414.291.5536
Facsimile: 414.291.5526
E-mail: jciralsky@littler.com
E-mail: myellin@littler.com

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that on September 10, 2021, a copy of the foregoing Defendant's Notice of Removal was filed via the Court's CM/ECF system and was served via FedEx to Plaintiff Melvin Stevenson, Jr.:

Melvin Stevenson, Jr.
3414 W. Wisconsin Avenue; Apt. 302
Milwaukee, WI 53208

                                                  *By:*    */s/ Michael Yellin*
                                                           Michael Yellin

- 8 -
Case 2:21-cv-01052-BHL   Filed 09/10/21   Page 8 of 8   Document 1