UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELVIN STEVENSON,

          Plaintiff,

v.                                                                                        Case No. 21-cv-1052-bhl

GENERAL MILLS INC,

          Defendant.

## ORDER DENYING MOTION FOR RECUSAL

      On February 22, 2022, *pro se* Plaintiff Melvin Stevenson, Jr. filed a motion seeking recusal of the judge assigned to this case "for being racially biased to the plaintiff." (ECF No. 22 at 3.) The Court interprets Stevenson's filing as a motion for recusal under either 28 U.S.C. Section 144 or 28 U.S.C. Section 455(a). Because the allegations of bias are premised solely upon mere disagreements with the Court's prior judicial rulings, Stevenson cannot show the prejudice or partiality required for recusal under either statute. *See U.S. v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993) (holding that the alleged bias must be personal rather than judicial); *Liteky v. U.S.*, 510 U.S. 540, 555 (1994). Therefore, his motion will be denied.

      Section 144 "requires a judge to recuse himself if a party files a timely and sufficient affidavit that the judge has 'a personal bias or prejudice' against him." *U.S. v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (quoting 28 U.S.C. §144). The statute makes recusal mandatory if a party alleges sufficient bias stemming from an extrajudicial source. *Sykes*, 7 F.3d at 1339. Section 455(a) requires a judge to recuse himself "in any proceeding in which his impartiality might be reasonably questioned." 28 U.S.C. §455(a). Under this statute, a judge must recuse himself), "if a well-informed, thoughtful observer would perceive a significant risk that the judge will resolve the case on a basis other than its merits." *U.S. v. Swallers*, 897 F.3d 875, 877 (7th Cir. 2018) (citing *In re U.S.*, 572 F.3d 301, 308 (7th Cir. 2009)).

      Stevenson's motion identifies seven alleged "lies" the Court told in granting Defendant's partial motion to dismiss. He claims these "lies" would lead an objective observer to perceive a significant risk of bias stemming from an extrajudicial source. (ECF No. 21 at 1-2.) But

Stevenson's "lies" are actually just judicial rulings that he dislikes. And, to the extent they prejudice him, they do so because the law requires that outcome. For example, Stevenson alleges that the Court "lied" when it held that he failed to state claims for breach of contract, negligence, and defamation. (*Id.*) Such judicial rulings "almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citing *U.S. v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

Exceptions to this general principle exist only where a ruling shows deep-seated favoritism or antagonism. *Id.* And Stevenson does not allege that those rare exceptions are applicable here. The closest Stevenson comes to alleging genuine prejudice is when he claims that dismissing his defamation claim represented racial animus because the claim was based on a supervisor calling him the n-word. (ECF No. 21 at 1.) But an objective observer would recognize that Stevenson's defamation claim was not dismissed because the Court condoned the use of a racial slur; rather, the claim failed because Stevenson did not allege that the supposed defamatory statement was made to anyone but himself. That is not defamation under established tort law. (ECF No. 20 at 3.) In sum, Stevenson has alleged no facts from which an objective observer would perceive a risk of prejudice, and nothing he identified stemmed from an extrajudicial source at all, so his motion must be denied.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED that** Plaintiff's motion for recusal is **DENIED**.

Dated at Milwaukee, Wisconsin on March 2, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge