UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELVIN STEVENSON,

            Plaintiff,

v.                                                       Case No. 21-cv-1052-bhl

GENERAL MILLS INC,

            Defendant.

## ORDER DENYING MOTION TO STRIKE ANSWER AND RECUSAL

        On March 4, 2022, *pro se* Plaintiff Melvin Stevenson, Jr. filed a "Motion to Strike Defendant Answer and recusal of judge." (ECF No. 28.) The motion offers several reasons for striking portions of Defendant General Mills' answer, and also appears to request reconsideration of the Court's prior order denying Stevenson's motion for judicial recusal. Because there is no reason to strike any part of the answer or for recusal, the motion will be denied.

        To support his motion, Stevenson cites *Lints v. Graco Fluid Handling (A), Inc.*, 347 F. Supp. 3d 990, 1009 (D. Utah 2018) where the defendant tried to plead its "lack of information and belief to admit or deny the allegations of a complaint" as an affirmative defense. The Court held that "'[l]ack of information' is a general denial and not an affirmative defense." *Id.* Therefore, it struck that defense. *Id.* The difference here is that General Mills did not plead "lack of information" in the affirmative defenses section of its answer. (*See* ECF No. 25 at 3-4.) General Mills only pled "lack of information" in response to part of the fifth paragraph of Stevenson's complaint. (*Id.* at 2-3.) And a party is allowed to deny in this manner. Fed. R. Civ. P. 8(b)(5) ("A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.") Therefore, it would not be proper to strike anything based on *Lints*.

        But Stevenson also appears to challenge whether this "lack of information" denial was made in good faith. In paragraph five of his complaint, Stevenson wrote: "Plaintiff was hired as a contractor for Defendant doing general labor and filling seven different capacities at the job site in General Mills at 4625 s6thst (sic) Milwaukee, Wisconsin on or about March 11, 2020." (ECF No.

1-1 at 3.) General Mills denied that it employed Stevenson but stated that it lacked knowledge or information sufficient to form a belief as to the truth or falsity of the rest of the paragraph. (ECF No. 25 at 2-3.) Stevenson points out that General Mills earlier admitted that it operated a production facility at 4625 South 6th Street in Milwaukee, Wisconsin. (ECF No. 28 at 2.) He asks how General Mills could lack information sufficient to believe it operated a facility at 4625 South 6th Street when it already admitted to this earlier in its answer. As the Court understands it, General Mills' position is that it lacks sufficient information to determine whether Stevenson did general labor and worked seven different jobs at the 4625 South 6th Street facility, not that it lacks sufficient information to know if it operated that facility at all. As a result, the Court will not strike this denial from General Mills' answer.

Stevenson also takes issue with General Mills' statement: "The Complaint, in whole or in part, fails to state a claim upon which relief can be granted." (ECF No. 25 at 3.) He notes that his complaint included a demand for specific monetary relief. (ECF No. 28 at 1.) Stevenson is advised that General Mills' use of this affirmative defense does not mean that he has not properly requested relief in his complaint. General Mills is more or less stating its belief that Stevenson's complaint is deficient, but that statement is not binding on the Court. Accordingly, there is no reason to strike it.

Stevenson next asks the Court to strike General Mills' second affirmative defense, which reads: "Plaintiff's claims are barred because he was not an employee of General Mills and General Mills was not his employer." (ECF No. 25 at 4.) Again, Stevenson is advised that he is free to prove his employment status and to disprove General Mills' position at the appropriate time (which is not now). Nothing in General Mills' answer prevents him from introducing evidence necessary to show that he was in fact a General Mills employee. There is no reason to strike this section either.

Last, Stevenson argues that Fed. R. Civ. P. 8 does not require him to set out in detail all of the facts upon which his claims rest. (ECF No. 28 at 2.) This is true. This case remains at the pleading stage of these proceedings; proof will come later. All Stevenson was required to do at this stage was to file a complaint containing "a short and plain statement of the [his] claim" showing that he was entitled to relief. Fed. R. Civ. P. 8(a)(2). The Court dismissed some of his claims for failure to meet this requirement. (ECF No. 20.) But Stevenson's Title VII claim remains, and General Mills has not challenged the sufficiency of the complaint as to that claim.

To the extent that Stevenson is preemptively defending the sufficiency of his Title VII claim, he need not do so; no one has moved to dismiss that claim. Therefore, there is nothing to strike based upon this argument.

As a final matter, the Court stands by its March 2, 2022 Order (ECF No. 27) denying Stevenson's motion for recusal. There is no reason to reconsider the motion at this time.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Stevenson's motion (ECF No. 28) is **DENIED**.

Dated at Milwaukee, Wisconsin on April 11, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge