UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELVIN STEVENSON,

          Plaintiff,

v.                                                                                      Case No. 21-cv-1052-bhl

GENERAL MILLS INC,

          Defendant.

## ORDER DENYING MOTION TO COMPEL

On November 28, 2022, *pro se* Plaintiff Melvin Stevenson, Jr. filed a motion to compel responses to his requests for admissions. (ECF No. 46.) According to Stevenson, Defendant General Mills, Inc. has offered only evasive and incomplete responses in discovery. (*Id.* at 1-3.) Because the motion fails to warrant relief for multiple reasons, it will be denied.

Stevenson's motion fails, first, because it does not comply with Civil Local Rule 7(h). Rule 7(h) governs expedited, non-dispositive motions, and per its express terms, such motions are limited to 3 pages. Stevenson's motion is 5 pages long and thus exceeds the Rule 7(h) page limit. (*See* ECF No. 46.)

The motion also fails because, despite the extra pages, Stevenson has not provided the Court with "material facts [and] argument," as required. *See* Civil L.R. 7(h)(2). Instead, he offers little more than nebulous gripes and bald allegations. For example, he repeatedly complains, without further explanation, that Defendant's responses are "evasive, incomplete, and seek[] to delay the trial." (ECF No. 46 at 3-4.) That will not suffice. While *pro se* litigants are entitled to some leeway, they must comply with this Court's local rules if they wish to invoke its authority. *See Anderson v. Cieszynski*, No. 20-C-562, 2021 WL 3421447, at *2 (E.D. Wis. Aug. 5, 2021).

Stevenson's motion also runs afoul of Civil Local Rule 37. Under that provision, a litigant may only bring a motion to compel discovery after he has, in good faith, conferred or attempted to confer with his opponent. Civil L.R. 37. The motion must also include a statement that "recite[s] the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." *Id.* Stevenson's motion merely generically states that he emailed

Defendant in March, June, July, and October. (ECF No. 46 at 4.) But none of those dates occurred *after* Stevenson received Defendant's responses. (ECF No. 48 at 2 ("Defendant's responses . . . were due—and were served on Stevenson—on November 18, 2022.").) Thus, these emails could not have constituted "conferrals" about inadequacies in the responses; Stevenson did not yet have the responses and could not assess their adequacy. The record, therefore, makes clear that Stevenson has not satisfied Civil L.R. 37 or the corresponding provision of Fed. R. Civ. P. 37(a)(1). This is another basis to flat-out deny his motion.

While there is no need to reach the merits of Stevenson's motion, his complaints fail on that basis too. Many of Stevenson's requested admissions have nothing to do with his Title VII claim (the only claim left after the Court granted Defendant's partial motion to dismiss). For example, request number 17 reads: "General have all employees assigned at the plant work together to complete task." (ECF No. 46-1 at 11.) Vagueness aside, this has nothing to do with whether General Mills fired Stevenson for reporting racial harassment. *See United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993) (holding that the proponent of discovery must establish relevancy). Other requests reflect Stevenson's misunderstanding of the relationship between General Mills and Elite Staffing, Inc., a temp agency. For instance, request 20 states: "General mills have fired elite personnel a lot of times and will fire them for bad behavior." (*Id.* at 12.) Stevenson appears upset that General Mills denied his request to admit this, but the fact that the company does not operate in the way he envisioned is not a basis on which to compel additional discovery.

Because his motion fails in multiple ways, Stevenson's request to compel discovery will be denied.

**IT IS HEREBY ORDERED** that Stevenson's Motion to Compel, ECF No. 46, is **DENIED**.

Dated at Milwaukee, Wisconsin on December 7, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge