UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MELVIN STEVENSON,

            Plaintiff,

v.                                                                  Case No. 21-cv-1052-bhl

GENERAL MILLS INC,

            Defendant.

## ORDER GRANTING JUDGMENT ON THE PLEADINGS

Under the doctrines of collateral estoppel and res judicata, a party that loses an issue or claim in one lawsuit cannot relitigate that issue or claim in a second case. Nor can a plaintiff split related claims between two lawsuits to maximize his chances of success. These principles spell doom for Plaintiff Melvin Stevenson Jr. He already brought and lost this case once in *Stevenson v. Elite Staffing, Inc.*, No. 21-CV-1072-JPS, 2022 WL 4366686 (E.D. Wis. Sept. 21, 2022). Now he wants a second crack, swapping in General Mills, Inc. for Elite Staffing without altering any of the operative facts. General Mills has moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), citing issue and claim preclusion. (ECF No. 50.) Both doctrines prohibit this kind of "do-over" litigation. Accordingly, the Court will grant the motion and dismiss the case.

## FACTUAL BACKGROUND

As the Court has previously noted, "[t]he operative facts [in this case] are both sparse and difficult to discern." (ECF No. 20 at 1.) But a few fundamental details bear mention. According to the complaint, General Mills hired Stevenson as "a contractor" and assigned him general labor duties. (ECF No. 1-1 ¶5.) At some point between March 11, 2020 and November 21, 2020, Stevenson's supervisor, Frierson, called him the "N-word" and cursed at him. (*Id.* ¶¶5-6.) Stevenson reported Frierson, but the harassment continued. (*Id.* ¶6.) General Mills then fired Stevenson on February 21, 2021. (*Id.* ¶7.) Two months later, Stevenson filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (*Id.* at 7.) On

August 2, 2021, the EEOC closed its investigation into Stevenson's case and issued him a right to sue letter. (*Id.* at 10.)

Stevenson then simultaneously commenced two actions in Milwaukee County Circuit Court—this one against General Mills and another against Elite Staffing, Inc. (No. 21-1052, ECF No. 1; No. 21-1072, ECF No. 1.) His complaints raised identical claims based on identical facts, the only difference being the name of his alleged employer. (No. 21-1052, ECF No.1-1 at 3-4 (naming General Mills as employer); No. 21-1072, ECF No. 1-2 at 3-4 (naming Elite Staffing as employer).) General Mills removed the case against it to this Court on September 10, 2021. (No. 21-1052, ECF No. 1.) Elite Staffing followed suit, removing the case against it five days later. (No. 21-1072, ECF No. 1.) On September 21, 2022, the Court granted Elite Staffing's motion for summary judgment and dismissed all of Stevenson's claims. (No. 21-1072, ECF No. 71.)

## LEGAL STANDARD

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is evaluated under same standard as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *See Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Dismissal under Rule 12(c) is, therefore, appropriate if, when viewed in the light most favorable to the non-moving party, the facts in the complaint do not state a plausible claim to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Additionally, while courts should not ordinarily dismiss complaints for failing to plead around affirmative defenses, a plaintiff can plead himself out of court when his complaint establishes the insuperability of any such defense. *See Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457-59 (7th Cir. 2017). Thus, "when it is 'clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law,' dismissal is appropriate." *Id.* at 457 (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)). And since "[c]ourts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned," *id.* (citation omitted), courts may dismiss claims on res judicata grounds when considering a motion for judgment on the pleadings.

## ANALYSIS

The law requires a plaintiff to bring all of his claims in the same lawsuit. If he tries to relitigate an issue settled in an earlier case, collateral estoppel, also called issue preclusion, bars his claim. If he tries to raise a claim that was or could have been resolved in a prior suit, res judicata, also called claim preclusion, is his undoing. General Mills seeks dismissal under both doctrines. Stevenson has not responded.[1] But the Court need not await whatever untimely response might be forthcoming—whether by issue or claim preclusion, this case fails.

### I. Issue Preclusion Bars Stevenson's Claims.

"The doctrine of issue preclusion [or collateral estoppel] bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Bernstein v. Bankert*, 733 F.3d 190, 225 (7th Cir. 2013) (internal quotations omitted). The idea is that "one fair opportunity to litigate an issue is enough." *Bowen v. United States*, 570 F.2d 1311, 1322 (7th Cir. 1978). To prevail, the party invoking issue preclusion must prove: (1) the issue it seeks to preclude is the same as the issue involved in prior litigation; (2) that issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is sought was fully represented in the prior action. *See Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). General Mills satisfies all four elements.

#### A. The Issues General Mills Seeks to Preclude Are Identical to Those Involved in Prior Litigation.

Because the Court granted General Mills' partial motion to dismiss, ECF No. 20, only Stevenson's Title VII claims for hostile work environment, retaliation, and race discrimination remain. (ECF No. 1-1 at 3.) These are kindred causes of action whose primary congenital feature is the presence of prejudicial treatment based on protected characteristics. Thus, the issue in this case is whether Stevenson can proffer sufficient evidence of racial discrimination. He has already unsuccessfully "litigated that precise issue in his previous Title VII" case. *See White v. Kayla Enters., Inc.*, No. 06-CV-470, 2006 WL 8460229, at *3 (N.D. Ill. Oct. 18, 2006). Indeed, this Court considered and rejected identical claims against Elite Staffing because Stevenson failed to prove any adverse action owing to his membership in a protected class. *See Elite*

---

[1] Instead, he filed his own, untimely motion for summary judgment. (ECF No. 52.)

*Staffing*, 2022 WL 4366686, at *8-10. The claims against General Mills involve the same issue and are, therefore, subject to preclusion.

### B. Stevenson Actually Litigated the Issues General Mills Seeks to Preclude.

An issue was "actually litigated" in a prior proceeding "if the parties to the original action disputed the issue and the trier of fact resolved it." *Cont'l Can Co., U.S.A. v. Marshall*, 603 F.2d 590, 596 (7th Cir. 1979). There is no dispute that Stevenson actually litigated the issue of discrimination against Elite Staffing, nor is it debatable that Elite prevailed on that issue. It does not matter that Stevenson might offer different arguments this time around, seek to avoid prior self-defeating admissions, or pursue, perhaps, more convincing evidence. *Id.* at n.8. "Actual litigation" is not "perfect litigation." *See id.* at 596 ("The requirement of collateral estoppel that the issue be 'actually litigated' does not require that the issue be thoroughly litigated."). The factual and legal issues General Mills seeks to preclude were disputed and resolved in Stevenson's case against Elite Staffing. *See Elite Staffing*, 2022 WL 4366686, at *8-10. That constitutes "actual litigation."

### C. The Issues General Mills Seeks to Preclude Were Essential to the Final Judgment in Stevenson's Prior Case.

An issue is "essential to the judgment" if the Court "could not have granted summary judgment" without deciding it. *Abbott Lab'ys. v. Impax Lab'ys., Inc.*, No. 00 C 5092, 00 C 7865, 01 C 1638, 2003 WL 1563426, at *7 (N.D. Ill. Mar. 26, 2003). And a district court's grant of summary judgment on the merits constitutes a final judgment. *See Czarniecki v. City of Chicago*, 633 F.3d 545, 549 (7th Cir. 2011). In this case, the Court could not have granted Elite Staffing's motion for summary judgment without deciding the legal and factual issues relevant to Stevenson's Title VII claims. After meticulous analysis, the Court held Stevenson's claims defective as a matter of law. *See Elite Staffing*, 2022 WL 4366686, at *8-10. The issues necessitating that conclusion (the same ones General Mills seeks to preclude) were, thus, essential to a final judgment.

### D. Stevenson Was Fully Represented in His Prior Case.

A litigant was "fully represented" in a prior case if he had "a 'full and fair opportunity' to litigate [the] issue[s] in the earlier case." *Allen v. McCurry*, 449 U.S. 90, 95 (1980) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979); *Blonder-Tongue Laby's., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328-29 (1971)). *Pro se* litigants, like Stevenson, often seize upon this language—as well as the federal judiciary's anxious, deferential disposition toward self-

represented parties—to suggest that "full representation" requires assistance of counsel. *See DeGuelle v. Camilli*, 724 F.3d 933, 938 (7th Cir. 2013) (collecting cases). But that is not the law. *See White*, 2006 WL 8460229, at *3. Indeed, if parties could not fully and fairly litigate their issues without an attorney, then the Constitution would mandate appointment of counsel even in civil suits. It does not do so. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Thus, as the Seventh Circuit has bluntly put it, "the idea that litigating pro se should insulate a litigant from application of the collateral estoppel doctrine . . . is absurd." *DeGuelle*, 724 F.3d at 938. What matters, for collateral estoppel purposes, is whether the interests of the person against whom preclusion is asserted were fully represented in the prior action. *See White*, 2006 WL 8460229, at *3. The Court in *Elite Staffing* accepted Stevenson's briefs and considered his arguments. That is enough.

Having satisfied all four elements, General Mills is entitled to judgment on the pleadings based on issue preclusion.

## II. In the Alternative, Claim Preclusion Bars Stevenson's Claims.

"The doctrine of [claim preclusion, or] 'res judicata bars not only those issues actually decided in the prior suit, but all other issues which could have been brought.'" *Matrix IV,* 649 F.3d at 547 (quoting *Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008)). It applies "to bar a second suit in federal court when there exists: (1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bernstein*, 733 F.3d at 226 (quoting *Kratville v. Runyon*, 90 F.3d 195, 197 (7th Cir. 1996)). Again, General Mills satisfies each element.

### A. There is an Identity of the Causes of Action Between Stevenson's Two Suits.

"A claim is deemed to have 'identity' with a previously litigated matter if it is based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Kratville*, 90 F.3d at 198 (citations omitted). Stevenson's case against General Mills is predicated on the exact same facts as his failed case against Elite Staffing. In fact, the two complaints are virtually indistinguishable. Under these circumstances, there is an identity of the causes of action.

### B. There is an Identity of the Parties.

An identity of parties exists when there is "the kind of link between the earlier and later [parties] that justifies" considering "earlier parties . . . proper agents for the later parties." *Tice v.*

*Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998). The Seventh Circuit holds this element satisfied when the parties have a "'sufficiently close identity of interests' so that they are indeed in privity." *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 823 (7th Cir. 2006). Stevenson generally alleges that both General Mills and Elite Staffing co-employed him and bore joint responsibility for the training and conduct of his supervisor. (ECF No. 28 at 2.) In other words, his "whole theory is that" General Mills and Elite Staffing were privies—"that [one or the other] was indeed pulling the strings." *Supporters to Oppose Pollution, Inc. v. Heritage Grp.*, 973 F.2d 1320, 1325 (7th Cir. 1992). That establishes privity for purposes of res judicata. *See Lampley v. Mitcheff*, No. 3:08-CV-282 PS, 2009 WL 5322951, at *7 (N.D. Ind. Dec. 28, 2009) (privity exists between two parties allegedly liable to the plaintiff for the same harm based on the same facts).

### C. There is a Final Judgment on the Merits.

"[A] judgment on the merits is one [that] 'is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form.'" *Harper Plastics, Inc. v. Amoco Chems. Corp.*, 657 F.2d 939, 943 (7th Cir. 1981) (quoting *Fairmont Aluminum Co. v. C.I.R.*, 222 F.2d 622, 625 (4th Cir. 1955)). This Court's grant of summary judgment to Elite Staffing is a quintessential ruling on the merits. The Court considered Stevenson's claims on the merits and dismissed them with prejudice. Even dismissal *without* prejudice does not preclude finality. *See Czarniecki*, 633 F.3d at 549. But when dismissal prevents the plaintiff from simply refiling his case, there is no doubt that "the district court 'has finished with the case.'" *Id.* (quoting *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1097 (7th Cir. 2008)). Here, the Court dismissed Stevenson's case on the merits, with prejudice. This is definitively a final judgment on the merits.

As with issue preclusion, General Mills satisfies every element of claim preclusion. It is, thus, also entitled to judgment on the pleadings based on Stevenson's failure to raise his Title VII claims in the prior proceeding against Elite Staffing.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that General Mills' Motion for Judgment on the Pleadings, ECF No. 50, under Fed. R. Civ. P. 12(c) is **GRANTED**, and the case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 21, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge